UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

2017 JAN 27 PM 12 12

In re    JOHN VINCENT LAMAGNA    Case No. 16-13568
(Debtor)    Chapter 13

Adversary Proceeding No. 16-01196

MOTION TO CONTINUE ALL ADVERSARY PROCEEDING "DEADLINES"
FOR BENEFIT OF ALL PARTIES:
IE, THE COURT, PRO BONO COORDINATOR, ATTORNEY SWAIN, DEBTOR

Now comes pro se chapter 13 debtor/plaintiff, John V. LaMagna, who moves this honorable court to allow extending all "deadlines" for all parties with responsibilities to meet specific "deadlines", re: Adversary Proceeding No. 16-01196 for two weeks or more, or as much time as is allowed.

1. This court recently explained to attorney Swain(re: denying his expedited motion) that the court's schedule could not accomodate his request, due to time constraints(?).

   A.  Debtor/plaintiff interprets this as the court has a very busy schedule, and any additional time for any appropriate reasons, is a good thing and would not burden the court.(Debtor sincerely apologizes if this is inappropriately presumptuous.)

2. Attorney McLeod has a "deadline" of 2/6/17, to hopefully find a pro bono lawyer for the debtor, and if not, he will have to report on the status of his endeavors.

   A.  The debtor has 12 legal pad size pages(both sides)as a result of months of trying to find an attorney, a task that is now undertaken by the pro bono coordinator, to hopefully be accomplished in two and one half weeks(just one of what the debtor assumes are many responsibilities for attorney McLeod, between now and 2/6/17.

3. Attorney Michael Swain asked for a one week continuance, and was granted one by the court, at which time attorney Swain withdrew his request, citing it as a mistake.

   A.  The debtor interprets attorney Swain's request for more time as an indication he could use more time re: his responsibilities with regard to this adversary proceeding.
   B.  Accordingly, the debtor reasonably believes that attorney Swain should have no objection to the court allowing all parties more time.

4. Debtor did not know until yesterday that the adversary proceeding was listed elsewhere on Pacer.
   A. Ironically enough, considering issues with untimely service, the debtor only learned this when he received service of attorney Swains motion, in the mail, on 1/23/17. As he did not see it on Pacer, in the place he always accesses, debtor realized it had to be somewhere else on Pacer, and found it.

   B.  Had the debtor realized there was a separate listing on adversary proseeding, he would have filed this motion sooner, as he would have known sooner.

   Therefore, believing it to be in the best interests of all parties, debtor asks this court to please continue all "deadlines" in this proceeding, for, at least, two weeks, or for however long is allowable.

signed: _____    date: 1-27-17

John V. LaMagna, pro se

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In re    JOHN VINCENT LAMAGNA                    Case No.   16-13568

                                                 Chapter    13
         Debtor(s)                               Adversary Proceeding No.
                                                            16-01196

## CERTIFICATE OF SERVICE

   I, John V. LaMagna, pro se debtor, do certify that I have served bu U.S.P.S. first class mail and/or Priority mail and/or Priority Express mail, the parties listed below.

Michael Swain, Esq. as Counsel for Fannie Mae, et al
                    as Counsel for Orlans Moran, PLLC. et al
465 Waverly Oaks Rd. room 401
Waltham, Ma. 02452

William McLeod, Esq.
@ U.S. Bankruptcy Court
5 Post Office Square
Boston, MA. 02109-3945

signed: _____
John V. LaMagna
841 Santuit Newtown Rd.
Marstons mills, MA. 02648                        dated: 1-27-17

508 420-1846